UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY EARL AKARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02133-JMS-TAB |
| | ) | |
| COMMISSIONER OF THE INDIANA | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Pending Motions**

This action is based on Jeffrey Akard's claims that Defendants have violated his rights by failing to accommodate his disabilities and enforcing a policy that prohibits him from leaving his cell to prepare his meals. The matter is before the Court for resolution of several motions filed by Mr. Akard.

**I. Motion to Reconsider: Amended Complaint**

The Court previously denied Mr. Akard's motion for leave to file an amended complaint for several reasons. Dkt. 44. Of particular relevance to this Order, Mr. Akard sought to add claims based on failure to provide GERD medications that cannot be brought in this case because they would be misjoined, and he sought to add claims the Court already dismissed in screening the original complaint. *Id.* Mr. Akard has filed a motion to reconsider, arguing only that the Court should have allowed him to pursue his claim based on denial of GERD medications because misjoinder is not a reason for dismissal. Dkt. 49 at 2. But the Court did not dismiss any claims because they were misjoined—it merely denied Mr. Akard leave to add them to this case. Regardless, Mr. Akard does not address the other main reason that the Court denied him leave to

amend—that granting leave to amend would be futile because the proposed amended complaint included claims that had already been dismissed and were certain to be dismissed if screened again.

Mr. Akard does state that he thought that his proposed amended complaint would "'correct' . . . ADA . . . 'errors,'" dkt. 49 at 1, but the proposed amended complaint clearly includes attempts at bringing ADA claims, including ADA claims against Wexford and Centurion, even though Mr. Akard has already been told that he cannot pursue ADA claims against them. *See* dkt. 43-2 at 9 (internal citations omitted) ("Complaint 3 . . . IDOC, Wexford and Centurion have been notified of inmate AKARD's disabilities, his requests for a bottom bunk pass, and ADA requests for reasonable accommodations. Medical remedy as requested by inmate was ineffective, and Wexford's . . . Bottom Bunk Formulary cont[inued] to applied by Centurion Health in 2021 & 2022, created a policy under which 8th and 14th Amend. Unconstitutional practices occurred in violation of ADA and Rehabilitation Act."); *see also* dkt. 30 at 5–6 (addressing ADA claims against Wexford and Centurion). Mr. Akard does not offer any argument as to why the Court's previous analysis of such claims was incorrect.

Nonetheless, Mr. Akard may file a new motion for leave to amend **on or before November 10, 2022**. If he fails to do so, this case will proceed on the currently operative complaint. In addition, the Court **stays** briefing on the currently pending motions for summary judgment (dkts. 63, 67). The Court will order further briefing following resolution of any future motion for leave to amend, if one is filed.

Any renewed motion for leave to amend must be supported by a proposed amended complaint. The proposed amended complaint must (a) contain a short and plain statement of the claim showing that Mr. Akard is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify

what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Akard may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Akard's copy of this Order. Any proposed amended complaint should have the proper case number, 1:21-cv-2133-JMS-TAB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation that Mr. Akard wishes to pursue in this action.

If Mr. Akard includes claims in his proposed amended complaint that have previously been dismissed, his motion for leave to amend must explain why his proposed amendments cure the defects previously identified by the Court. If Mr. Akard includes claims related to the denial of GERD medications in his propose amended complaint, his motion for leave to amend must explain why the claims are properly joined in this action under Federal Rules of Civil Procedure 20 and 21. If the Court grants leave for Mr. Akard to file an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).

In sum, Mr. Akard's motion to reconsider, dkt. [49], is **granted** insofar as the Court grants Mr. Akard through November 10, 2022, to file a new motion for leave to file an amended complaint and directs the clerk to include a complaint form with his copy of this order. The motion is **denied** to the extent it seeks other relief regarding the Court's denial of his previous motion for leave to amend.

## II. Motion to Amend: Appointment of Counsel

The Court also previously denied Mr. Akard's motion for assistance with recruiting counsel, finding that he was competent to litigate this case on his own at this stage. Dkt. 33. Mr. Akard's motion to reconsider also asks the Court to reconsider appointing counsel "so that [he] does not lose a valid claim or release of valid defendants." Dkt. 49 at 3. However, denying Mr. Akard counsel at this stage of the litigation will not necessarily cause him to lose a valid claim against valid defendants because the Court has already granted him a final opportunity to submit a viable amended complaint. Moreover, Mr. Akard does not challenge the Court's determination that he is capable of doing so without counsel. Therefore, the motion to reconsider, dkt. [49], is **denied** to the extent it seeks relief from the Court's order denying his previous motion to appoint counsel.

## III. Motion for Injunctive Relief

Mr. Akard also filed a motion for injunctive relief. Dkt. 57. In the motion, he asks the Court to order that Warden Sevier provide him with a functioning tablet to make legal calls, send emails, and conduct legal research for his four open cases. *Id.* In his cover letter, Mr. Akard also asks the Court to order Warden Sevier to look into delays that he has experienced in receiving legal mail. *See* dkt. 57-1; *see also* dkt. 57 at 2 (discussing problems with mail). In his reply (captioned as a "Motion for Clarification to Motion for Injunctive Relief"), Mr. Akard states that he is housed on a 22-hour lockdown unit without any law library visits and, as a result, Defendants are violating his right of access to the courts. Dkt. 66.

A request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the

merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

In this case, Mr. Akard is proceeding on claims that relate to Defendants' failure to accommodate his disabilities and their enforcement of a policy that prohibits him from leaving his cell to prepare his meals. Dkt. 10 (Screening Order); dkt.30 (Order granting in part motion to reconsider Screening Order). He is not proceeding on any claims related to his prison's failure to provide him with an adequate means to conduct legal research or otherwise litigate his pending cases, and he is not proceeding on claims about delays in receiving legal mail. Accordingly, this Court lacks authority to grant the relief requested. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220). Mr. Akard must pursue his claims related to the failure to provide him with a working tablet and the delays he has experienced in receiving legal mail through the Indiana Department of Correction's grievance process, and, if necessary, by filing a separate lawsuit.

Accordingly, Mr. Akard's motion for injunctive relief, dkt. [57], is **denied.** Mr. Akard's "Motion for Clarification to Motion for Injunctive Relief," dkt. [66], is **granted** to the extent that the Court has considered the document as a reply in support of his motion for injunctive relief but is otherwise **denied**.

### IV. Motion for Court Assistance

Mr. Akard's motion for Court assistance, dkt. [60], is **granted** to the extent that the **clerk is directed** to enclose copies of the following with Mr. Akard's copy of this Order: (1) Federal Rule of Civil Procedure 56; and (2) Southern District of Indiana Local Rule 56-1.

### V. Motion for Extension of Time

Mr. Akard's motion for extension of time to respond to the pending summary-judgment motions, dkt. [71], is **denied as moot**. As explained above, the Court has stayed briefing on those motions and will issue further orders after resolution of any future motion for leave to amend, if such motion is filed. In addition, because it appears that Mr. Akard received incomplete copies of the Court's Pretrial Scheduling Order and the State Defendant's Memorandum of Law in Support of Motion for Summary Judgment, *see* dkt. 71 at 2, the **clerk is directed** to enclose a copy of the following with Mr. Akard's copy of this Order: (1) Pretrial Scheduling Order, dkt. [35]; and (2) State Defendant's Memorandum of Law in Support of Motion for Summary Judgment, dkt. [64].

### VI. Conclusion

In conclusion, Mr. Akard's motion to reconsider, dkt. [49], is **granted** insofar as the Court grants Mr. Akard through November 10, 2022, to file a new motion for leave to file an amended complaint and directs the clerk to include a complaint form with his copy of this order. Mr. Akard's motion must comply with the orders in Part I above. The motion is **denied** to the extent it seeks other relief regarding the Court's denial of his previous motion for leave to amend and to the extent it seeks relief from the Court's order denying his previous motion to appoint counsel. The Court also **stays** briefing on the currently pending motions for summary judgment (dkts. 63, 67). The Court will order further briefing following resolution of any future motion for leave to amend, if one is filed.

Mr. Akard's motion for injunctive relief, dkt. [57], is **denied.** Mr. Akard's "Motion for Clarification to Motion for Injunctive Relief," dkt. [66], is **granted** to the extent that the Court has considered the document as a reply in support of his motion for injunctive relief but is otherwise **denied**.

Mr. Akard's motion for Court assistance, dkt. [60], is **granted** to the extent that the Court will send him copies of Federal Rule of Civil Procedure 56 and Southern District of Indiana Local Rule 56-1.

Mr. Akard's motion for extension of time, dkt. [71], is **denied as moot**.

The **clerk is directed** to enclose copies of the following with Mr. Akard's copy of this Order: (1) blank prisoner civil rights complaint form; (2) Federal Rule of Civil Procedure 56; (3) Southern District of Indiana Local Rule 56-1; (4) Pretrial Scheduling Order, dkt. [35]; and (5) State Defendant's Memorandum of Law in Support of Motion for Summary Judgment, dkt. [64].

**IT IS SO ORDERED.**

Date: 10/18/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY EARL AKARD
199176
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com