UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY EARL AKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02133-JMS-TAB |
| | ) |
| COMMISSIONER OF THE INDIANA DEPARTMENT OF CORRECTION, MARK SEVIER, WEXFORD OF INDIANA, LLC, CENTURION HEALTH SERVICES, | ) |
| | ) |
| Defendants. | ) |

**Order on Pending Motions and Non-Party Discovery**

In this action, Plaintiff Jeffrey Akard proceeds on the following claims: (1) Rehabilitation Act claims against the Indiana Department of Correction ("IDOC") Commissioner in her official capacity based on allegations that the IDOC failed to accommodate his disabilities; (2) Eighth Amendment conditions-of-confinement claim for injunctive relief against New Castle Correctional Facility ("New Castle") Superintendent Mark Sevier based on allegations that GEO Group policy prevented Mr. Akard from leaving his cell to make GERD-friendly meals; and (3) Eighth Amendment claims of deliberate indifference to serious medical conditions against Wexford of Indiana, LLC ("Wexford"), and Centurion Health Services ("Centurion") based on allegations that their policies, practices, or customs caused him not to be prescribed necessary GERD medications and to be denied a bottom-bunk pass. Dkt. 78.

Mr. Akard has now filed two motions for emergency injunctive relief. Dkts. 125, 135. He also filed a motion for copies, dkt. 124; a motion to reconsider the Court's previous denial of his motion for assistance with recruiting counsel and to set a telephonic conference to discuss his

ability to pursue discovery as an incarcerated pro se litigant, dkt. 132; and various documents related to his attempts at discovery, *see, e.g.*, dkts. 131, 143, 144. The Court addresses these filings in this Order.

## I. Motions for Emergency Injunctive Relief[1]

Mr. Akard has field two emergency motions for injunctive relief. Dkts. 125, 134.[2] At the same time that he filed the first motion, he filed a very similar motion in his other case, *Akard v. Woosley*, No. 2:22-cv-00338-MPB-MJD. The presiding district judge has ruled on the motion filed in that case. *Woosley*, dkt. 57. As explained in *Woosley*, in his motions, Mr. Akard complains about problems he is having with the staff at New Castle, including problems getting copies and sending mail for various legal cases, including this one. He alleges in part that a member of the New Castle law library staff is retaliating against him for complaining about her. He asks the Court to enter an injunction prohibiting New Castle staff from retaliating against him or delaying or obstructing his court filings; allowing him to make his legal copies and fill in his own addressed envelopes; requiring New Castle to seal his envelopes in his presence; and, if necessary, requiring that his unit team manager at New Castle handle his legal copies and legal mail. Dkt. 125.

---

[1] The Court received many documents from Mr. Akard on August 7, 2023. The documents relate both to this case and another case, *Akard v. Woosley*, No. 2:22-cv-00338-MPB-MJD. As recently noted by the presiding district judge in the *Woosley* case, all the documents were mailed in one envelope, and it was not always clear which documents were intended to be filed in which case. *See Woosley*, dkt. 57. The Court made its best efforts to docket the documents in the appropriate cases. To the extent that Mr. Akard intended that any of the documents currently docketed in the *Woosley* case to be docketed in this case, the Court takes judicial notice of the filings at dkts. 49 through 56 in that case, and notes that the contents of those documents do not change any of the Court's rulings in this Order.

[2] Mr. Akard also submitted an affidavit that includes requests for relief, including a request that the Court order production of the New Castle law librarian's employment record, order an audit of the New Castle Recreation Fund, and help him get a new cell assignment because his current cellmate is dirty and snores loudly at night, which impacts his ability to do legal work. Dkt. 126. It is improper to include a request for relief in an affidavit. *See* S.D. Ind. Local Rule 7(a) ("Motions must be filed separately . . . . A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court."). Regardless, even if the requests for relief in the affidavit were properly presented in a motion, the Court lacks authority to grant them for the same reasons as the requests in his formal motions for injunctive relief.

As the Court has informed Mr. Akard twice in this case, a request for injunctive relief must be tied to the specific claims on which the plaintiff is proceeding. *See* dkt. 107 (citing *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up); *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.")); *see also* dkt. 72. In this case, Mr. Akard is not pursuing claims against the New Castle law librarian and is not pursuing retaliation or access-to-courts claims. As a result, as with his previous requests for injunctive relief, the Court lacks authority to grant the relief he is currently requesting. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220). Accordingly, Mr. Akard's motions for emergency injunctive relief, dkts. [125] and [134], are **denied.** As the Court has previously informed Mr. Akard, *see* dkt. 107, Mr. Akard must pursue his new claims through the IDOC's grievance process, and, if necessary, by filing a separate lawsuit.

## II.     Motion to Reconsider Denial of Counsel and for Telephonic Conference

Earlier in the case, the Court denied Mr. Akard's motion for assistance with recruiting counsel without prejudice, finding that he was competent to litigate this case on his own at this stage of the proceedings. Dkt. 33; *see also* dkt. 72. In so finding, the Court noted that Mr. Akard has obtained a relatively high level of education (he made it to his senior year at Purdue University). Dkt. 33 at 3. The Court also noted that, as demonstrated by his filings in this case and others, Mr. Akard is a very capable pro se litigant who is capable of communicating with the Court about the facts and legal issues relevant to this case. *See* dkt. 33 at 3–4. Since that time, Mr. Akard

3

has continued to submit filings—including for the Court to reconsider its order denying him leave to amend, an amended complaint, and a motion for emergency injunctive relief—that demonstrate his ability to use the Court's processes. *See* dkts. 49, 73, 125. His recent filings even detail his efforts to pursue multiple cases in both state and federal court on a pro se basis. *See, e.g.*, dkt. 52.

Nonetheless, Mr. Akard asks the Court to reconsider that denial, based entirely on the difficulties he is having with law library staff at New Castle. Dkt. 132. For similar reasons, he also asks the Court to set a telephonic conference to discuss his ability to pursue discovery as an incarcerated pro se litigant. *Id.* He explains that he wants to discuss: (1) his need to "retain a copy of Plaintiff's 'privileged mail' for discovery requests (per IDOC AP 02-01-103 111.M.Ex. 3 p. 1) issues"; and (2) Defendants' initial disclosures along with their ongoing obligations to supplement and answer his discovery requests. He complains that New Castle's law library supervisor is interfering with his:

> preparation of: making legal copies; FOIA requests; non-party subpoena; attorney letters; especially when not in form of motion or Court's requirements for appointment of counsel; denials of non-party discovery requests of sens[i]tive/personal/medical/or IDOC related evidence.

*Id.* at 2 (internal citations omitted). He alleges that New Castle law library clerks are allowed to read his legal motions and wrongfully omit pages when making copies of his legal documents. *Id.* He complains that "[New Castle] GEO Group c/o(s) at night will not sign witness block of remittance forms for postage cost on legal/privilege mail; open + read sealed legal/privileged mail; or not sealing mail in front of Petitioner." *Id.* Finally, he complains that Defendants' initial disclosures have contained partial records, out-of-order grievance reports, outdated IDOC policies, partial email records, and/or voluminous records of unrelated materials. *Id.*

Mr. Akard's motion, dkt. [132], is **denied** insofar as it asks the Court to assist him with recruiting counsel and setting a telephonic conference to discuss discovery. If Mr. Akard believes

that any of Defendants' initial disclosures or discovery responses have been inadequate, he should file a motion to compel. The Court discusses his attempts at non-party discovery, below. And, as stated above, the Court stands by its conclusion that Mr. Akard is competent to litigate this case on his own.

The only thing that has changed since the Court concluded that Mr. Akard is competent to litigate this case on his own, is that Mr. Akard is having problems making copies for this case and mailing documents related to this case.[3] Therefore, instead of attempting to recruit counsel to represent Mr. Akard, the Court **grants** his motion to the extent that it orders as follows:

Within **7 days of the date of this Order**, **Superintendent Sevier shall file a response** to Mr. Akard's allegations that he is being improperly prevented from making legal copies and mailing documents related to this case, including his allegations that law library clerks and staff are improperly reading his papers and not sealing his envelopes in his presence. In preparing a response, Superintendent Sevier and his counsel should review all of the filings Mr. Akard has made in this case beginning on August 7, 2023. The response must include a plan to ensure that Mr. Akard is able to reliably and timely obtain copies of documents he needs for this case and mail them.

In addition, to the extent that Superintendent Sevier has not already received and responded to the request for production of documents currently in the record at dkt. 136, **Superintendent Sevier is ordered to treat that filing as a properly served request for production of documents** and respond to it within **30 days of the date of this Order** is issued.

---

[3] The Court understands that Mr. Akard is also complaining that he is having problems making copies and transmitting filings for other cases, but those problems are outside the authority of this Court to resolve, as explained in Section I.

### III. Motion for Copies

Mr. Akard has also filed a motion requesting copies of all the documents the Court received on August 7, 2023. Dkt. 124. He represents that the New Castle law librarian would not copy the documents for him, so he needs the Court to send him copies. The motion, dkt. [124], is **granted** to the extent that **Superintendent Sevier is ordered to provide him with copies of the following docket entries** within **7 days of the date of this Order** and contemporaneously **file a notice** confirming that he has done so: Docket Numbers 124 through 134.

### IV. Non-Party Discovery

Among the documents the Court received on August 7, 2023, is a subpoena to a non-party that is accompanied by a hand-written document purporting to require the non-party to "return by mail deposition by written question." Dkt. 131. It is unclear if Mr. Akard actually served the subpoena or if he merely submitted it to the Court as an example of documents that New Castle law library staff has prevented him from copying and/or mailing. The presiding district judge in Mr. Akard's other case, *Akard v. Woolsey*, No. 2:22-cv-00338-MPB-MJD, recently addressed a similar problem, and the Court agrees with the analysis set forth in that case. *See Woosley*, dkt. 57.

To summarize that analysis, Mr. Akard may use a subpoena to require a non-party to respond to a request for production of documents under Federal Rule of Civil Procedure 34. He may also use a subpoena to require a non-party to appear for a deposition, whether by oral examination or written questions under Rules 30 and 31. A deposition by written questions is not, however, conducted by simply mailing a list of questions to a non-party and directing the non-party to provide him with verified answers to those questions. As explained in *Woosley*, depositions by written questions require a deposition officer—that is, a court reporter or other officer as set forth in Rule 28—to take the deposition by reading the questions and recording the

answers. A transcript is then prepared and submitted to the witness consistent with Rule 30. "'Rule 31 clearly contemplates a witness's personal presence at a deposition, where the witness delivers his or her testimony orally. It does not contemplate written responses to written deposition questions.'" *Sherrod v. Breitbart*, 304 F.R.D. 73, 77 (D.D.C. 2014) (quoting *Kendrick v. Bowen*, CIV. No. 83–3175, 1989 WL 39012, at *1 n. 2 (D.D.C. Apr. 13, 1989)).

Therefore, the Court reiterates the rulings in *Woosley* about this issue:

[T]o the extent that Mr. Akard has already served "depositions by written questions" on any non-party witnesses, **those witnesses need not answer the questions he has posed of them**. They are, however, required to respond to his requests for production of documents. If Mr. Akard has served subpoenas purporting to command the non-party witnesses to respond to the questions, he **must send the non-party witnesses a copy of this Order and file a notice confirming that he has done so**. If Mr. Akard has not served the subpoenas for depositions by written questions yet, he **may not do so**.

Going forward, if Mr. Akard wishes to depose any witnesses (whether parties or non-parties and whether by oral examination or written questions), he is informed he must arrange for an officer to conduct the deposition consistent with the Federal Rules of Civil Procedure and pay any costs associated with the deposition. *See Moore v. Cromwell*, Case No. 17-cv.122-pp, 2018 WL 6602220, *4 (E.D. Wis. Dec. 17, 2018) ("[I]f the *plaintiff* wants to depose the defendants' witnesses, the *plaintiff* must make these arrangements. Most incarcerated plaintiffs can't hire and pay for a court reporter to set up a deposition. That is why they use other tools to get the information they want.") (emphasis in original). If he seeks to depose any non-party witnesses, he must also file a motion asking the Court for subpoenas commanding the witnesses' appearance at the deposition, which not the same as subpoenas commanding the production of documents.

Finally, before Mr. Akard serves any subpoenas on non-parties—whether for documents or depositions—he must first provide Defendants' counsel with a copy of the proposed subpoena as set forth in Southern District of Indiana Local Rule 45-1. *See* S.D. Ind. Local Rule 45-1.

*Woosley* dkt .57.

V.   **Motions for Issuance of Subpoenas**

About two weeks after the Court received the August 7 filings, it received two motions in which Mr. Akard asks the Court to issue him subpoenas. Dkts. 141, 143. Earlier in the case, the

Court sent Mr. Akard one endorsed, but otherwise blank, subpoena to serve on a non-party witness. Dkt. 122. He now explains that he needs more endorsed subpoenas because staff at his facility will not photocopy the one the Court previously sent. He asks the Court to endorse blank subpoenas to two non-party witnesses, both of which purport to require the witnesses to respond to "depositions by written questions," which questions are included with the subpoenas. *See* dkts. 141-1, 143-1, 144. As explained above, Mr. Akard cannot use a subpoena to require a non-party to provide verified written answers to questions. Accordingly, his motions asking the Court to endorse his proposed subpoenas, dkts. [141] and [143], are **denied**. If Mr. Akard decides to seek proper discovery from any non-party witnesses—whether that be a Rule 34 request for production of documents or a proper deposition by oral examination or written questions—he may file a renewed motion requesting the issuance of additional subpoenas. Any such motion must identify the type of discovery he intends to pursue because, as explained above, there are multiple types of subpoenas, and the Court must know which type to issue (assuming that issuance is proper). In addition, going forward, Mr. Akard is advised that it is inappropriate to photocopy any endorsed subpoena the Court sends him so that he can use it for multiple witnesses. If Mr. Akard needs additional endorsed subpoenas, he must file a motion asking the Court to issue them.

### VI. Summary and Conclusion

In summary, Mr. Akard's motions for emergency injunctive relief, dkts. [125] and [135], are **denied**. His motion for reconsideration of the Court's denial of his motion for assistance with recruiting counsel and requesting a telephonic conference about discovery issues, dkt. [132], is **granted** to the extent that Superintendent Sevier is required to take the steps set forth in Section II, above, but otherwise **denied.** His motion for copies, dkt. [124], is **granted** to the extent that Superintendent Sevier is required to take the steps set forth in Section III. To the extent that Mr.

Akard wishes to pursue non-party discovery, he must comply with the guidance set forth in Section IV, above. Finally, his motions asking the Court to endorse his proposed subpoenas to non-parties, dkts. [141] and [143], are **denied**.

    **IT IS SO ORDERED.**

Date: 8/25/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


Distribution:

JEFFREY EARL AKARD
199176
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Austin Ryan Andreas
Bleeke Dillon Crandall, P.C.
austin@bleekedilloncrandall.com

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com