UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY E. AKARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02133-JMS-CSW |
| | ) | |
| COMMISSIONER OF THE INDIANA DEPARTMENT OF CORRECTION, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

Jeffrey Akard is suing the Commissioner of the Indiana Department of Correction (IDOC) under the Rehabilitation Act. Specifically, Mr. Akard asserts that chronic injuries to his back and shoulder, plus symptoms of gastroesophageal disease (GERD) render him disabled and interfere with his abilities to sleep and work a prison job. He seeks accommodations, including a low bunk pass to enable him to get into bed, pillows to help him sleep, and authorization to work a prison job without standing for prolonged periods. For the following reasons, the Commissioner's motion for summary judgment is **denied**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court

only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Indiana Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II. Facts

When a litigant moves for summary judgment, her "brief must include a section labeled 'Statement of Material Facts Not in Dispute' containing the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends there is no genuine issue." S.D. Ind. L.R. 56-1(a). The Commissioner asserts only two material facts, both of which she contends are undisputed:

1. Plaintiff claims disability from back and shoulder issues. Exhibit A – Deposition of Plaintiff [Filing No. 194-1 at 26-27 (Akard Dep. 26:1-27:5); Filing No. 73 at 5; Filing No. 73-8 at 2; Filing No. 78 at 5].

2. Due to his alleged disability, Plaintiff has requested the following from IDOC: a bottom bunk pass, a special mattress, extra pillow, a lumbar roll, and a prison job with no prolonged standing and no repetitive use of his left shoulder. [Filing No. 194-1 at 69-69 (Akard Dep. 68:1-69:7); Filing No. 78 at 5; Filing No. 73-12 at 8].

Dkt. 195 at 2.

These are summaries of the allegations underlying Mr. Akard's claims, not statements of fact based on evidence. As a result, the essence of the Commissioner's summary judgment motion is that his claims are not amenable to relief under the Rehabilitation Act—not that evidence affirmatively forecloses his claims or that there is no evidence to support his claims. In this way, the Commissioner's motion functions more like a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) than a summary judgment motion. Therefore, the Court resolves the motion by addressing the Commissioner's four legal arguments one at a time.

### III. Analysis

Under both the Rehabilitation Act and the related Americans with Disabilities Act, a plaintiff must "prove that he is a qualified individual with a disability, and that he was denied access to a service, program or activity because of his disability." *Bowers v. Dart*, 1 F.4th 513, 519 (7th Cir. 2021). Legal analysis under the two statutes is functionally identical. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

The statutory definition of an "individual with a disability" encompasses a person with "a physical or mental impairment that substantially limits one or more major life activities." *See* 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(1)(A). By definition, "sleeping," "caring for oneself," and "working" are "major life activities." 42 U.S.C. § 12102(2)(A).

"Although incarceration is not a program or activity" under the Rehabilitation Act or the ADA, necessities like "the meals and showers made available to inmates are." *Jaros*, 684 F.3d at

672. By extension, courts have found that these statutes offer relief to inmates who are unable to sleep or access their beds by reason of their disabilities. *See, e.g.*, *Banks v. Patton*, 743 F. App'x 690, 696 (7th Cir. 2018) ("Second, we can assume that Banks claims the denial of access to a qualifying 'program or activity.' . . . Banks's chief complaint is not being placed in a handicapped-accessible cell; the attendant difficulties involved access to the toilet and the bed."); *Price v. Illinois Dep't of Corr.*, No. 18 C 5358, 2022 WL 1016558, at *2 (N.D. Ill. Apr. 4, 2022) ("[C]ourts in this Circuit have recognized sleep- or bed-related issues, as well as showers, as programs or activities at a prison under the RA.") (collecting cases).

"Refusing to make reasonable accommodations is tantamount to denying access." *Jaros*, 684 F.3d at 672. "Whether a requested accommodation is reasonable is highly fact-specific, and determined on a case-by-case basis by balancing the cost to the defendant and the benefit to the plaintiff." *Dadian v. Vill. of Wilmette*, 269 F.3d 831, 838 (7th Cir. 2001). "Whether the requested accommodation is necessary requires a 'showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability.'" *Id.* (quoting *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995)).

**A.      Otherwise Qualified Individual**

The Commissioner begins by arguing that Mr. Akard is not an "otherwise qualified individual with a disability" and therefore is not protected by the Rehabilitation Act. *See* dkt. 195 at 3–4. By the Commissioner's reasoning, Mr. Akard cannot demonstrate that he is "otherwise qualified" for a lower bunk pass, pillows, or a work-related accommodation because the prison medical staff has not determined that he meets the criteria to receive those accommodations. Because the Rehabilitation Act applies only to a person who is "able to meet all of a program's requirements in spite of his handicap," and Mr. Akard is not "qualified" for those accommodations,

the Commissioner contends that his claims must be dismissed. *Id.* (quoting *Southeastern Community College v. Davis*, 442 U.S. 397, 406 (1979)).

But that argument confuses the issue. In deciding whether someone is an otherwise qualified individual with a disability, the question is not whether Mr. Akard is qualified for the *accommodation*. The question is whether he is qualified for the *program*. *See* 42 U.S.C. § 12131(2) ("The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."); *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019) (Rehabilitation Act requires that "the plaintiff must be 'otherwise qualified' *for participation in the program*.") (emphasis added). If he is qualified for the program, then the Court separately considers whether he needs an accommodation and whether it is reasonable.

A bottom bunk pass and a wedge pillow are not *programs* under the Rehabilitation Act. Rather, as noted above, daily functions like getting into bed and sleeping are programs, activities, or services, and there is no dispute that Mr. Akard (and all inmates) are "qualified" to participate in them. Indeed, the Commissioner cites authority to this effect in her reply brief. *See* dkt. 227 at 3 (citing *Simmons v. Godinez*, No. 16 C 4501, 2017 U.S. Dist. LEXIS 131691, at *16-18 (N.D. Ill. Aug. 16, 2017); *United States v. Georgia*, 546 U.S. 151 (2006)).[1] Mr. Akard alleges that passes and pillows are reasonable accommodations that would enable him to engage in the activities of

---

[1] The Commissioner cites *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996), as contrary authority. But courts in the Seventh Circuit " have distinguished that case" since the Supreme Court held in *Georgia*, 546 U.S. 151, that "'the alleged deliberate refusal of prison officials to accommodate [plaintiff's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted'" denial of access to programs, activities, or services. *Cotledge v. Dart*, No. 20-CV-2629, 2020 WL 7260798, at *3 (N.D. Ill. Dec. 10, 2020) (cleaned up).

5

getting into bed and sleeping and permission to work without prolonged standing is a reasonable accommodation that would enable him to engage in the activity of working. That he has been denied those accommodations is the basis for this lawsuit—not evidence that he does not meet the definition of a "qualified individual."

**B.     Denial of Medical Care**

The Commissioner next contends that, claims based on the denial of medical care cannot properly proceed under the Rehabilitation Act. Dkt. 195 at 4–5. Granting the Commissioner's legal premise for the sake of argument, she has provided no authority to support her assertion that the accommodations Mr. Akard seeks "are akin to treatment or medication" rather than reasonable accommodations under the Rehabilitation Act. Dkt. 195 at 5. The Commissioner bears the burden of persuading the Court to grant her motion, and "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017).

**C.     Accommodations at Prison Job**

The Commissioner next argues that any claim for a reasonable accommodation at a prison job—or an accommodation designed to enable Mr. Akard to work a prison job—fails because "the Rehabilitation Act does not apply to prison jobs." *See* dkt. 195 at 5. But the Commissioner relies on Seventh Circuit precedents concerning claims that prisoners were wrongly *terminated* from prison jobs because of disabilities. *See Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 519 (7th Cir. 2018) ("Starry asserts that the prison fired him from his job because of his disability, in violation of both the Americans with Disabilities Act and the Rehabilitation Act."); *Neisler v. Tuckwell*, 807 F.3d 225, 226 (7th Cir. 2015) ("Three months after that, in October 2012, Robert Tuckwell, the Food Service Administrator at Waupun, fired Neisler, citing 'medical' reasons for his

action."); *see also Hubbard v. Carter*, No. 121-cv-02019-SEB-TAB, 2021 WL 5235096, at *2 (S.D. Ind. Nov. 9, 2021) ("Mr. Hubbard's claim that he was terminated from a prison job because of a disability in violation of the Rehabilitation Act, on its own, is insufficient to state a claim upon which relief can be granted because that statute does not cover prison jobs."). Mr. Akard is not suing over his wrongful termination from a prison job; he is suing over his right to a reasonable accommodation of his disability. The Commissioner does not explain whether the employment-discrimination precedents she cites apply to Mr. Akard's reasonable-accommodation claims, so she has not demonstrated that she is entitled to summary judgment.

### D.     By Reason of Disability

The Commissioner closes by asserting broadly that Mr. Akard "has not articulated any program or activity that he does not have access to due solely to his alleged disability." Dkt. 195 at 6. Again, this argument ignores the core of Mr. Akard's claims, which is that he has been prevented from engaging in the activities of sleep, self-care, and work because he has been denied reasonable accommodations for his disabilities. Further, his deposition—which the Commissioner designated as evidence—contains ample evidence to support his claims. *See, e.g.*, dkt. 194-1 at 24:11–16 ("Well, yeah, . . . I'm saying it's about GERD, I'm saying it's about the bottom bunk, but I've also asked for relief of saying that there was lumbar rolls and wedge pillows to help keep the puke coming up at night, and double mattress passes."), 45:11–18 ("My problem with the way it's written is, is I'm a disabled veteran. I have several problems with my body that prohibits me from climbing up and down a top bunk every day that I need to climb up and down 30 times a day, and I have a problem with the way Wexford did a bottom bunk formulary. That was the reason I was excluded from being provided a bottom bunk."), 92:21–23 ("That's why I filed this grievance, was

to my hips was going numb, my back was hurting, I was trying to climb up and down the top bunk.").

## IV. Conclusion

The Commissioner has not demonstrated that there are no material factual disputes or that Mr. Akard's Rehabilitation Act claim fails as a matter of law. Her motion for summary judgment, dkt. [193], is **denied**. The Court will issue further instructions regarding preparation for the next phase in this action once the remaining defendants' summary judgment motions are resolved.

**IT IS SO ORDERED.**

Date: 3/15/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY E. AKARD
199176
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Austin Ryan Andreas
Bleeke Dillon Crandall, P.C.
austin@bleekedilloncrandall.com

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

William Dean Young
Lewis And Wilkins LLP
young@lewisandwilkins.com