UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY E. AKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02133-JMS-CSW |
| | ) |
| COMMISSIONER OF THE INDIANA | ) |
| DEPARTMENT OF CORRECTION, | ) |
| MARK SEVIER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

In this multi-defendant action, Jefrey Akard sued New Castle Correctional Facility Warden Mark Sevier for injunctive relief. Mr. Akard alleges that a medical condition prevents him from eating all the meals provided by the prison's food-service contractor; he is confined to his cell 21 hours per day; and he seeks permission to leave his cell outside designated recreation periods so he can prepare meals with a microwave or hot water dispenser. The Court denied Warden Sevier's motion for summary judgment but pursuant to Rule 56(f) directed Mr. Akard to show cause why Warden Sevier should not receive summary judgment on two grounds not addressed by the parties. *See* dkt. 233 at 9–11.

**I. Exhaustion**

The Court first directed Mr. Akard to show cause why the Warden should not receive summary judgment because he failed to exhaust administrative remedies before filing suit. Dkt. 233 at 11. In short, the Warden asserted that Mr. Akard failed to pursue any administrative remedies related to his claim against the Warden; Mr. Akard presented evidence calling that assertion into

dispute; and the Court identified undisputed evidence demonstrating that, if Mr. Akard exhausted administrative remedies, he did so after filing this lawsuit.

The Court now *sua sponte* reconsiders and vacates its show-cause order as to the exhaustion defense. Failure to exhaust is an affirmative defense, and it was therefore the Warden's burden to articulate a basis for summary judgment and prove it. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Although the record leaves no doubt that Mr. Akard failed to exhaust this particular claim before filing suit as required by the Prison Litigation Reform Act, the Court's order to show cause improperly flipped the burden of proof on the issue to Mr. Akard.

The Warden did not demonstrate that Mr. Akard failed to exhaust before filing suit and therefore is not entitle dot summary judgment on the affirmative defense. The Court therefore proceeds to consider whether the Warden is entitled to summary judgment on the merits of Mr. Aklard's claim.

## II. Merits

Mr. Akard is suing Warden Sevier for an injunction that would allow him to leave his cell to prepare meals consistent with his medical needs. Dkt. 78 at 6–7 (screening order); dkt. 73 at 7 (amended complaint). At summary judgment, the Court observed:

> Under § 3626(a)(1)(A), the Court can only issue injunctive relief that "extends no further than necessary to correct the violation" of a constitutional right. The denial of hot meals is not itself a constitutional violation. *Therefore, the Court can only issue an injunction requiring Warden Sevier to allow Mr. Akard to leave his cell to heat his meals if the only commissary foods that meet his dietary needs must be heated.* If Mr. Akard can meet his dietary needs by eating foods that do not need to be heated, the injunction he requests would not correct a constitutional violation.

Dkt. 233 at 10 (emphasis added). The Court concluded that, "Absent . . . evidence" that "the only commissary foods he can eat must be heated," the injunction Mr. Akard seeks "reaches farther than the" Prison Litigation Reform Act allows. *Id.* at 19. The Court therefore ordered Mr. Akard to show cause why the Warden Sevier should not receive summary judgment because "the injunctive relief

Mr. Akard seeks through his claim against Warden Sevier would not correct the violation of a constitutional right." Dkt. 233 at 10–11.

Mr. Akard's response to the show-cause order does not support a finding that an injunction requiring Warden Sevier to release him from his cell to heat meals would extend no further than necessary to correct a constitutional violation.

Mr. Akard contends that Warden Sevier has authority over what meals are served and what medications are available to NCCF inmates; that inmates at a different prison are able to keep "hot pots" in their cells to heat their own meals and leave their cells more often than inmates in his unit at NCCF; and that Warden Sevier could resolve his claims by directing that he be hired to work in the kitchen, which would allow him to be out of his cell and prepare his own meals throughout the day. Dkt. 238 at 5–7. These arguments disregard the scope of the Court's show-cause order and the reality that the relief Mr. Akard has sought from Warden Sevier throughout this lawsuit has been limited to an injunction allowing him to leave his cell to heat meals. *See* dkt. 78 at 6–7 (screening order).

Mr. Akard argues that he "should NOT be forced to buy his own commissary food to meet dietary needs." Dkt. 238 at 6. Mr. Akard was free to pursue that claim, but his claim against Warden Sevier throughout the case has been that he should be able to leave his cell *to heat commissary food*. If anything, this argument illustrates why Warden Sevier should receive summary judgment: If the Eighth Amendment entitles Mr. Akard to eat three meals per day issued by the food-service, an injunction requiring that he be released to heat commissary food would not resolve a constitutional violation.

Finally, and most responsively, Mr. Akard states:

> Aramark's rice has onions/green peppers or spices that exacerbate his GERD conditions thus making that rice meal unpalatable. IDOC commissary's rice is

3

> dehydrated rice that needs to be put in hot water from hot pot, 190° water machine, or use of microwave to make palatable. No reasonable jurist would say dehydrated rice on teeth or hard dry Ramen noodle soup could be eaten without hot water to activate the meal.

Dkt. 238 at 6. Mr. Akard's claims against Warden Sevier rest on the premise that he wishes to consume commissary food that must be heated. To avoid summary judgment, the Court ordered him to demonstrate that "*the only* commissary foods that meet his dietary needs must be heated." Dkt. 233 at 10 (emphasis added). Mr. Akard's arguments do not satisfy that objective. Accordingly, the Warden is entitled to summary judgment..

### III. Conclusion

Mr. Akard's motion to show cause, dkt. [238], is **denied**. Pursuant to Federal Rule of Civil Procedure 56(f)(2), and for the reasons set forth in Part II of this order and Part IV(C) of the show-cause order, dkt. 233, the Court **grants** summary judgment to Warden Sevier. Mr. Akard's claim against the Warden is **dismissed with prejudice**. The **clerk is directed** to **terminate** Warden Sevier from the docket as a defendant.

**IT IS SO ORDERED.**

Date: 5/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY E. AKARD
199176
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Austin Ryan Andreas
Bleeke Dillon Crandall, P.C.
austin@bleekedilloncrandall.com

Carlton Wayne Anker
Lewis and Wilkins LLP
anker@lewisandwilkins.com

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Caitlin S. Schroeder
Ogletree Deakins
caitlin.schroeder@ogletree.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com

William Dean Young
Lewis And Wilkins LLP
young@lewisandwilkins.com